UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **HELEN WILLIAMS** | **CASE NO.  6:22-CV-03927** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INTEGON NATIONAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a Motion to Dismiss [doc. 37] filed by defendant Integon National Insurance Company under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion. Doc. 41.

**I.**
**BACKGROUND**

This suit arises from alleged Hurricane Laura and Hurricane Delta damage to a home owned by plaintiff Blackrock International, Inc. at 305 Kensington Drive in Lafayette, Louisiana, and subject to a mortgage issued by BSI Financial Services. Doc. 28. The storms made landfall in Southwest Louisiana on August 27 and October 9, 2020, respectively. At all relevant times the residence was subject to a lender-placed insurance policy issued by Integon National Insurance Company, with BSI Financial Services named as the insured. Doc. 28. Plaintiff Blackrock is not named anywhere in the policy but is

described as the borrower in the Notice of Lender-Placed Hazard Insurance.[1] Doc. 19, atts. 2 & 3. The policy states:

> In consideration of the payment of the premium, and subject to all provisions of the policy forms and endorsements attached to this LENDER'S GENERAL FORM, WE agree to indemnify YOU or YOUR legal representatives for any amount that YOU may be entitled to recover as the result of a covered LOSS.

Doc. 19, att. 3, p. 4. "YOU" is defined as the named insured on the declarations page. *Id.* The policy further provides:

> WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds YOUR insurable interest, WE will pay the BORROWER any residual amount due for the LOSS, not exceeding the Limit of Liability indicated on the NOTICE OF INSURANCE. Payment for LOSS will be made within (30) days after receipt of satisfactory proof of LOSS from YOU.

*Id.* at 59. The Notice of Insurance sets the Limit of Liability at $312,000.00. Doc. 37, att. 2, p. 4.

Helen Williams originally filed suit in this court on August 24, 2022. She raised claims based on the damage to 305 Kensington Drive and Integon's alleged failure to timely and adequately compensate her for covered losses. Doc. 1. At that time she was represented by attorneys from the firm of McClenny Moseley & Associates, PLLC ("MMA"), who were subsequently suspended from practice in this district due to their mishandling of hurricane cases. This case was stayed along with others filed by MMA due to irregularities in those cases, including duplicate suits, suits filed against the wrong

---

[1] Both the policy and notice of insurance are referenced in and central to plaintiffs' first and second amended complaints, and are therefore within the scope of review on this 12(b)(6) motion.

insurer, suits filed on behalf of parties with no knowledge of the filing, and suits filed on behalf of parties who had already settled their claims.

New counsel enrolled for plaintiff on July 17, 2023, and the stay was lifted. Docs. 15, 17. Integon moved to dismiss the suit, asserting that Ms. Williams's claims all failed because she was not a named insured, additional insured, or third-party beneficiary under the contract. Doc. 19. Ms. Williams was granted leave to amend her complaint, through which she named Blackrock as plaintiff. Integon then filed a second motion to dismiss, renewing its objections based on plaintiff's status under the policy and arguing that plaintiff's claims are time-barred because they do not relate back to the original complaint. Doc. 24. The court found that the claims related back to the original complaint and that Blackrock may have status through a stipulation *pour autrui* based on the policy's excess payments clause. Doc. 34. Plaintiffs were thus granted a second leave to amend with the court providing that "[a]ny amendment should include the unpaid balance of the mortgage and a good-faith allegation that contractual damages exceed that amount in order to state a claim for relief." *Id.*

Plaintiffs filed their second amended complaint, in which they acknowledge that the unpaid balance of the mortgage is $346,940.83. Doc. 35, ¶ 12. They further allege that the residence "currently requires a total of $205,238.00 in needed repairs" and that Integon is liable for $102,619.00 in statutory damages under La. Rev. Stat. 22:1892; attorney fees of at least 25 percent, or $76,964.25; costs of $6,577.14; and consequential damages of $75,000.00 under La. Rev. Stat. 22:1973. *Id.* at ¶¶ 13–17. Accordingly, they maintain that the damages greatly exceed the unpaid balance of the mortgage and create a stipulation

*pour autrui* in favor of Blackrock. Integon again moves for dismissal, noting that the contractual damages do not exceed the unpaid balance. Doc. 37. Plaintiffs oppose the motion. Doc. 41.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Motions under Rule 12(b)(6) are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

To state a claim for relief based on an insurance policy, a plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary. *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (internal citations omitted). Here the relevant inquiry is whether plaintiff is a third-party beneficiary. Under Louisiana law, third party beneficiary status is conferred by contract under what is known as a *stipulation pour autrui*. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) (unpublished). This status is never presumed, and the party claiming the benefit bears the burden. *Joseph v. Hosp. Svc. Dist. No. 2 St. Mary Par.*, 939 So.2d 1206, 1212 (La. 2006). A plaintiff must show that (1) the contract manifests a clear intention to benefit the third party; (2) there is certainty as to the benefit provided; and (3) the benefit is not merely an incident of the contract. *Brown*, 2017 WL 2290268 at *4 (citing *Joseph*, 939 So.2d at 1212–13).

Lender-placed policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance coverage. *Williams*, 398 F. App'x at 46. Though the borrowers are typically listed on the policy and pay premiums through the lender, such circumstances are insufficient to create third-party beneficiary status unless the borrower is also due some sort of benefit under the policy. *Id.* A stipulation *pour autrui* may arise, however, where a clause directs that any loss payment exceeding the mortgagee's interest must be paid to the borrower. *Lee v. Safeco Ins. Co. of Am.*, 2008 WL 2622997 (E.D. La. Jul. 2, 2008); *accord Tardo v. Integon Nat'l Ins. Co.*, 2023 WL 2757088, at *3–*4 (E.D. La. Apr. 3, 2023); *Dehart v. Integon Nat'l Ins. Co.*, 2023 WL

4846839, at *3 (E.D. La. July 28, 2023); *Alvarado v. Lexington Ins. Co.*, 389 S.W.3d 544, 554 (Tex. App. 2012). A plaintiff can only show third-party beneficiary status for the purpose of surviving a motion to dismiss if the allegations in the complaint demonstrate that the losses exceed the insured's interest (e.g., the unpaid principal balance of the mortgage). *Dehart*, 2023 WL 4846839, at *3; *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268 (E.D. La. May 25, 2017).

Plaintiffs maintain that they have shown a stipulation *pour autrui* because the total damages in this matter exceed the balance on the mortgage. The excess payments clause provides: "If the amount of LOSS exceeds YOUR insurable interest, WE will pay the BORROWER any residual amount due for the LOSS, not exceeding the Limit of Liability indicated on the NOTICE OF INSURANCE." Doc. 37, att. 3, p. 59. Accordingly, the borrower's interest is not triggered until the **contractual** damages exceed the insurable interest. Otherwise the borrower has no standing to bring suit under the policy and thus no entitlement to statutory damages or attorney fees. Notwithstanding plaintiffs' admission that their outstanding contractual losses total only $205,238.00, the limit of liability ($312,000.00) is less than the unpaid balance of the mortgage ($346,940.83). On the face of the second amended complaint, there is no possibility of Blackrock recovering as a third-party beneficiary. Plaintiffs therefore fail to state a claim on which relief can be granted.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 37] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of January, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE